IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SETH A. NICHAMOFF, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-12-1039 |
| § | | |
| CITIMORTGAGE, INC., *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Entry of Partial Final Judgment Under Rule 54(b) ("Motion") [Doc. # 49] filed by Plaintiffs Seth A. Nichamoff and Heidi J. Seifert, to which Defendant CitiMortgage, Inc. ("CitiMortgage") filed a Response [Doc. # 52]. Plaintiffs neither filed a reply nor requested additional time to do so. Having reviewed the full record and applicable legal authorities, the Court **denies** Plaintiffs' Motion.

## I.  BACKGROUND

Plaintiffs obtained an interest-only loan from CitiMortgage through Salomon Smith Barney. The amount of the loan was $1,500,000.00, secured by an account in Seifert's name in which she maintained approximately $600,000.00-$650,000.00. The parties dispute whether the full account was pledged or only $375,000.00.

In late 2011, Plaintiffs applied with Merrill Lynch to refinance their mortgage. On November 1, 2011, Merrill Lynch approved Plaintiffs for a 30-year fixed loan at the rate of 4.75 percent per annum, provided that Plaintiffs would transfer $250,000.00 to Merrill Lynch. In December 2011, Nichamoff contacted Morgan Stanley (who had acquired Salomon Smith Barney) to transfer $250,000.00 to Merrill Lynch. At that time, Morgan Stanley advised Nichamoff that CitiMortgage had frozen the account and the transfer could not be completed. After much discussion, Morgan Stanley transferred $208,000.00 in January 2012, followed by an additional $50,000.00 on February 1, 2012.

Plaintiffs filed this lawsuit, asserting a violation of the Truth in Lending Act ("TILA"), fraudulent and negligent misrepresentation, a violation of the Deceptive Trade Practices Act, slander of title, and breach of contract. CitiMortgage filed a Motion to Dismiss, which was denied as to the breach of contract claim and granted as to all other claims. *See* Memorandum and Order [Doc. # 40] entered September 25, 2012.

On October 19, 2012, Plaintiffs filed a Notice of Appeal [Doc. # 45] from the dismissal of the claims other than the breach of contract claim. More than a month later, on November 21, 2012, Plaintiffs moved pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure for entry of a final judgment on the dismissed claims. The Motion is ripe for decision.

## II.   ANALYSIS

Rule 54(b) provides for entry of a final judgment as to some but not all claims in a lawsuit "if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980). Entry of a final judgment pursuant to Rule 54(b) requires a finding that the ruling is final as "an ultimate disposition of an individual claim entered in the course of a multiple claims action" and that there is "no just reason for delay" in entering the final judgment. *Curtiss-Wright Corp.*, 446 U.S. at 7-8.

A Rule 54(b) final judgment "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoid[ing] piecemeal appeals." *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737, 740 (5th Cir. 2000) (internal quotations and citations omitted). "A court should consider such factors as: "(1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against

the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Abecassis v. Wyatt*, 2010 WL 2671576, *2 (S.D. Tex. June 30, 2010) (Rosenthal, J.) (quoting *Akers v. Alvey,* 338 F.3d 491, 495 (6th Cir. 2003)). Rule 54(b) motions are disfavored and should be granted only "when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

In this case, the relationship between the dismissed claims and the remaining breach of contract claim is a close one. Indeed, the dismissed claims and the remaining claim are based on the same factual scenario. Although Plaintiffs focus on their desire to appeal the dismissal of the Truth in Lending Act claim as time-barred, the statute of limitations issue on the TILA claim depends on whether Seibert's entire account was pledged from the time the Security Agreement was entered into in November 2006, or whether CitiMortgage changed the requirements at a later time within the statute of limitations.

The need for appellate review might be mooted by a number of potential future developments in the district court. The parties could settle the remaining breach of contract claim in a global settlement that addresses the dismissed claims as well.

Either party could obtain summary judgment on the breach of contract claim, potentially mooting the need for a separate appeal of the dismissed claims. The breach of contract claim could be tried before any appeal of the dismissed claims is completed, again possibly mooting the issues on appeal.

The Court is most persuaded, however, by the delay and economic factors. Plaintiffs have not shown the existence of any hardship or injustice that could result from delay and which would be alleviated by an immediate appeal. Instead, Plaintiffs state summarily that "certification will provide the quickest resolution of this matter." *See* Motion, p.2. The only hardship identified is that "Plaintiffs in this case do not want to endure the time and expense of trial" before obtaining appellate review which, they believe, may have an impact on settlement negotiations. *See id.* at 3. Defendant, on the other hand, would be required to spend time and money on the appeal of the dismissed claims while simultaneously defending the remaining breach of contract claim which Plaintiffs have declined to dismiss voluntarily. Plaintiffs have identified no reason that this case should be treated any differently from most other cases in which some claims are dismissed prior to others. As a result, the Court cannot conclude that the efficiency of having a single appeal at the conclusion of the entire lawsuit should be ignored in favor of the extraordinary procedure of a Rule 54(b) final judgment on the dismissed claims.

Plaintiffs have failed to demonstrate that they will suffer some hardship or injustice if the appeal of the dismissed claims is delayed. Based on its consideration of relevant factors and its balancing of competing interests, the Court declines to enter a Rule 54(b) final judgment on the dismissed claims.

### III.  CONCLUSION AND ORDER

The Court has considered the factors relevant to a decision whether to enter a Rule 54(b) final judgment, and has balanced the cost and inconvenience of piecemeal review against the danger of injustice from delay. Finding that there is no danger of hardship or injustice from delay, the Court declines to exercise its discretion to direct the entry of a final judgment as to the dismissed claims. It is hereby

**ORDERED** that Plaintiffs' Motion for Entry of Partial Final Judgment [Doc. # 49] is **DENIED**. It is further

**ORDERED** that counsel shall appear before the Court on **January 7, 2013, at 2:00 p.m.** for a status and scheduling conference.

SIGNED at Houston, Texas, this 27th day of **December, 2012**.

_____
Nancy F. Atlas
United States District Judge